# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

JIM MEDICINEHORSE DENNISON                                    PLAINTIFF

v.                                                        CIVIL ACTION NO. 3:11CV-6-H

THE STATE OF KENTUCKY                                      DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Jim Medicinehorse Dennison, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiff sues the State of Kentucky. Plaintiff alleges that Defendant has arbitrarily subjected him to unconstitutional state laws apparently having to do with state-ordered child support payments. He also alleges that he was discriminated against as a Native American. He requests damages and injunctive relief in the form of being taken off of "unlawful probation" and having his record expunged.

## II. ANALYSIS

This Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore,

dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff, who gives his address as being in Alalbama, sues only the State of Kentucky. The Court lacks subject matter jurisdiction over Plaintiff's constitutional claims against the Commonwealth of Kentucky because the Eleventh Amendment to the U.S. Constitution specifically prohibits federal courts from entertaining suits brought directly against the states themselves. The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST., amend. XI.

There are essentially three exceptions to the rule cited above: (1) when the state consents to suit; (2) when Congress has abrogated a state's sovereign immunity; and (3) when under the

fiction created by *Ex Parte Young,* 209 U.S. 123 (1908), a litigant seeks injunctive or prospective relief from a state officer in order to prevent future constitutional violations. *See Barton v. Summers*, 293 F.3d 944, 948 (6th Cir. 2002). None of these exceptions exist in this case.

Because Plaintiff's constitutional claims against the Commonwealth of Kentucky are barred by the Eleventh Amendment, the Court will dismiss them under FED. R. CIV. P. 12(b)(1) and 12(h)(3).

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss Plaintiff's claims.

Date:

cc: Plaintiff, *pro se*
Attorney General, Commonwealth of Kentucky

4412.009