# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

JIM MEDICINEHORSE DENNISON                                                    PLAINTIFF

v.                                                         CIVIL ACTION NO. 3:11CV-6-H

THE STATE OF KENTUCKY                                                    DEFENDANT

## MEMORANDUM OPINION AND ORDER

On February 1, 2011, the Court dismissed the instant action. On February 7, 2011, Plaintiff filed an objection to the Court's dismissal (DN 7).

Rule 59(e) of the Federal Rules of Civil Procedure allows an aggrieved party to file a motion to alter or amend a judgment within 28 days of its entry. Having been timely filed, this Court finds that Plaintiff's motion is brought under Fed. R. Civ. P. 59(e). This Court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted). Rule 59(e) motions "are not at the disposal of an unsuccessful party to 'rehash' the same arguments and facts previously presented." *Rouse v. Nielsen*, 851 F. Supp. 717, 734 (D.S.C. 1994) (quoting *Keyes v. Nat'l R.R. Passenger Corp.*, 766 F. Supp. 277, 280 (E.D. Pa. 1991)).

As grounds for his objection, Dennison argues that he not only sued the State of Kentucky but also, in paragraph seven of his complaint, stated that the "the State of Kentucky are all agents of the States Department of human resources, all State probation agents, all law enforcement agencies etc." His contention makes no difference to the outcome of this case.

States, state agencies, and state officials sued in their official capacities for money

damages are not "persons" subject to suit under § 1983, *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989), and suit against a state agency is barred by the Eleventh Amendment. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam); *Danner v. Comm'n on Continuing Legal Educ. and Specialization of Tenn.*, 332 F. App'x 228, 229 (6th Cir. 2009) (per curiam) (Eleventh Amendment barred suit against the Tennessee Commission on Continuing Legal Education because it was a state agency).

**IT IS ORDERED** that Plaintiff's motion (DN 7) is **DENIED**.

Date:

cc: Plaintiff, *pro se*

4412.009